MELVILLE I. MASSEY v. MARY F. STIMMEL.

1. DECREE FOR ALIMONY AGAINST A NON-RESIDENT WHO HAS NOT BEEN PERSONALLY SERVED IS NOT ENFORCEABLE.

Where the defendant in a divorce proceeding is a non-resident and is not personally served with the process within the state, or has not voluntarily submitted himself to the jurisdiction of the court, a decree awarding alimony has no extra-territorial validity, for, to that extent, it is merely a personal judgment, and the defendant to such decree is entitled to an injunction enjoining the plaintiff in such action from proceeding to subject his property to the payment of such alimony.

2. JURISDICTION OF A COURT TO AWARD ALIMONY.

It does not necessarily follow that because the court has jurisdiction to decree a divorce where no personal service is had upon the defendant, that it has jurisdiction to award alimony.

APPEAL from the Court of Common Pleas of Cuyahoga county.

MARVIN, J.

The plaintiff, Massey, sets out in his petition, that on June 9, 1883, the defendant, who for some years previous and up to that time had been his wife, procured a divorce from him in the court of common pleas of this county; that the decree entered by the court in that action included an order that there should be paid to the wife the sum of five hundred dollars as alimony; that at the time such decree was made he was a non-resident of this state and was a resident of the state of New York; that no service was had upon him, and that the judgment was a fraud upon him, and he says that the defendant in this action will, unless prevented by an order of this court, cause certain property of his situated in Erie county of this state, to be sold to satisfy that award of five hundred dollars alimony, and prays that she may be enjoined from so doing.

A demurrer was filed to this petition. The ground of which is that the petition is based upon the fact that the decree was obtained by fraud, and that there was no allegation that the suit was brought within the time provided by law after the discovery of the fraud.

We do not understand that this petition is based upon "fraud," in the sense in which it is used in the argument by counsel who filed the demurrer, or in the sense in which it is used in the statute.

The ground upon which it is said the decree or the order for the payment of five hundred dollars alimony can not be sustained, is that the court was without jurisdiction to decree alimony, and that, in that sense only, was any "fraud" perpetrated. We think that this is clearly a correct statement of the effect of the petition. It is not that kind of a fraud which authorizes the setting aside of the judgment under this statute, which is set out in the petition, and the demurrer is, therefore, overruled.

This brings us to the question—Did the court have jurisdiction to order that alimony be paid?

The determination of this question determines the case. The evidence establishes, as we think, that the plaintiff in this action at the time of the filing of the petition for divorce, and during all the time of

the pendency of that suit, was a resident of the state of New York. He says so; nobody denies it; his brother says it; and we think there is no question that he was a resident of New York; and, indeed, the defendant here—the plaintiff in that action—obtained service, if any was obtained, by publishing notice in a newspaper describing him as "residing in the state of New York," and caused a copy of the summons to be mailed to him in New York.

And that raises the question as to whether the court here had any jurisdiction over a resident of the state of New York to award alimony against him where no personal service was obtained upon him in the state of Ohio. There was a publication in a newspaper of general circulation in this county for six consecutive weeks apprising this plaintiff, the defendant in that action, that his wife had sued him for divorce and alimony. And it is certain that very shortly after the decree was entered this plaintiff knew, not only that his wife had obtained a decree for divorce, but that the court had awarded her alimony in the sum of five hundred dollars. This the plaintiff admits and exhibits a newspaper clipping sent to him by his brother shortly after the divorce was obtained, announcing the decree for divorce and alimony.

There is a conflict in the testimony as to whether the plaintiff saw the defendant after such divorce was obtained and before the bringing of the present suit; and as to this it is hardly possible to avoid the conclusion that somebody committed deliberate perjury on the trial of this case. The plaintiff says that he did not see his wife from the time he went to New York, some months before the suit for divorce was brought, until after the bringing of the present suit. Defendant says that he called at her house on more than one occasion and talked with her with reference to the education of their son, and that he took the son with him from her house to visit the theatre, but as we view the case it is indifferent which of these statements is correct.

The authorities are uniform that the courts may obtain jurisdiction to decree divorce where, under certain circumstances, the service upon defendant is not personal but only constructive, the plaintiff being a resident of the state in which the divorce is sought is entitled to have his or her marital *status* fixed by the decree of the court in which the law authorized the suit for divorce to be brought.

It follows, of course, that where the court decrees a divorce to a citizen of its own state thereby fixing the marital *status* of such citizen, it necessarily fixes the marital *status* of the consort of such citizen whether a citizen of its own state or not; and this, not because of its jurisdiction over the non-resident, but because in the exercise of its jurisdiction over the citizen of its own state, the result necessarily is that the *status* of the non-resident is fixed by the same decree if the resident husband or wife residing in this state ceases to be the husband or wife of the non-resident, such non-resident thereby ceases to be the husband or wife of the citizen of this state. An order upon the defendant in a divorce case to pay alimony is a judgment *in personam* and the court is without jurisdiction to render such judgment where only constructive service is had upon the defendant.

It does not necessarily follow that because the court has jurisdiction to decree a divorce where no personal service is had upon the defendant, that it has jurisdiction to award alimony.

I quote from sec. 933, of the 2d vol. of **Black on Divorce**:

Massey v. Stimmel.

"A decree in divorce is *in rem* and, therefore, justified by jurisdiction over the *res* alone, only in so far as it affects the marital *status*. If it goes further than this and assumes to adjudicate matters collateral or incidental to the dissolution of the marriage, the proceeding becomes one *in personam* and no personal liability can be imposed upon the defendant unless there is jurisdiction of his person acquired by proper service of process. All the cases which recognize the jurisdiction of the state to determine the marital *status* of its own citizen, although one of the parties lives in another state, limit the exercise of it to the dissolution of the marriage. The decree in such cases affects only the *status* or marriage relation. To go one step further and say the guilty party who is a non-resident, and, therefore, beyond the process of this court shall not marry again, is quite another thing."

Without reading further in that connection, I read from the same section again:

"On the same principle, when the defendant in divorce is a non-resident and is not personally served with the process within the state, or has not voluntarily submitted himself to the jurisdiction of the court. A decree awarding alimony has no extra-territorial validity, for, to that extent, it is purely a personal judgment."

It may, however, be said that for the defendant here to seek to subject the property of the plaintiff situated in this state to the payment of the decree for alimony, is not to claim that the award of alimony is to have "extra-territorial validity" because no effort is made to subject property to the payment of this decree, which is beyond the jurisdiction of the court.

The case of Bunnell v. Bunnell, 25 Fed. Rep., 214, is a case decided in the circuit court of the United States for the Eastern District of Michigan in 1885 by Judge Brown, now a Justice of the Supreme Court of the United States, and it seems to meet this question. The syllabus reads:

"A state statute permitted its courts, in suits for divorce, to award alimony, and to sequestrate the property of the defendant within the jurisdiction and appropriate the same to the payment of alimony. *Held*, that this statute did not apply where the defendant was called into court by publication, and that a decree for alimony against a defendant not personally served with process, was void for want of jurisdiction."

I quote again from the opinion on page 216:

"That the decree in the divorce suit, in so far as it purported to be a personal decree against the defendant for alimony and costs, is void, can admit of no doubt. In the absence of personal service upon the defendant within the jurisdiction of the court, no court has power to render a judgment *in personam* which can be the subject of an action or the basis of an execution. To render a valid judgment, a court must obtain jurisdiction either of the person or property of the defendant within its jurisdiction. If jurisdiction of the person be obtained by personal service of process, the judgment will be valid the world over. If jurisdiction be obtained by seizure of property, the judgment will be valid only as it respects that property, and within the jurisdiction of the court rendering it."

Again I read from the same opinion on page 217:

"The distinction between cases where jurisdiction is acquired by a seizure of the *res* at the same time the suit is begun, and those wherein a personal judgment against a party not served with process is attempted to be enforced against property within reach of the court, is clearly stated in Pennoyer v. Neff, 95 U. S., 714. In this case one Mitchell

brought suit against the defendant, Neff, and, failing to obtain service against him within the state, called him into court by publication, under a statute of Oregon, which provided that in case service of a summons could not be made and defendant could not be found within the state, the court might order service to be made by publication of the summons. Judgment having been obtained and levied upon the property of the defendant within the state, the property was sold upon execution by the sheriff and bid in by the plaintiff, Pennoyer. The court held that the judgment, being personal in its character, was without validity, and did not authorize the sale of the property in controversy. The plaintiff assumed the position that where the defendant has property within the state it is immaterial whether it is in the first instance brought under control of the court by attachment or some other equivalent act, and afterwards applied by its judgment to the satisfaction of the demands against the owner, or the demand be first established in a personal action, and the property of the non-resident be afterwards seized and sold on execution. But the court held that the jurisdiction of the court to inquire into and determine the obligations of the defendant was only incidental to its jurisdiction over the property. Its jurisdiction in that respect could not only be made to depend upon facts to be ascertained after it had tried the cause and rendered the judgment. 'If the judgment be. previously void, it will not be valid by the subsequent discovery of property of the defendant, or by his subsequent acquisition of it.' 'The judgment, if void, when rendered, will always remain void.'"

Section 79, of Vol. 2, of Bishop on Marriage, Divorce and Separation, reads:

"Alimony. It exists only by judicial decree. Therefore, by all opinions. it cannot be validly awarded in a mere *ex parte* divorce suit *in rem*, where the non-appearing defendant's domicile is in another state. If he dwells in the same state, a statute may, according to the Indiana case, authorize a decree for alimony against him on constructive notice. If in another state it cannot; except when he appears and submits to the jurisdiction, then it can."

From these authorities which we believe to be in harmony with the authorities generally on the same subject, we hold that the court of common pleas in which the divorce suit was tried was without jurisdiction to award alimony, and that the plaintiff in this action is entitled to an order enjoining the defendant from proceeding to subject his property to the payment of such alimony.

Judgment will be entered accordingly.

*C. E. Pennewell* and *Phinney & Merrill*, attorneys for plaintiff in error.

*Frank A. Beecher*, attorney for defendant in error.